IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| REV. JESSE G. ANDERSON, JR., : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | NO. 7:06-CV-29(HL) |
| Sheriff GARY VOWELL, Jail Administ. : | |
| JERRY LIPSEY, and Mailroom staffer : | |
| MS. JACKSON, : | |
| Defendants : | **O R D E R** |

Plaintiff **REV. JESSE G. ANDERSON, JR.**, a detainee at the Tift County Jail in Tifton, Georgia, since on or about March 15, 2006, has filed a *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. On April 26, 2006, this Court ordered plaintiff to pay an initial partial filing fee of $11.99 towards the $350 filing fee. Since the entry of this order, plaintiff has indicated by letter (Tab # 11) that he is financially unable to remit this amount. Upon reconsideration of the April 26th order, it is **ORDERED** that payment of the initial partial filing fee is waived by the Court.

Plaintiff also complains about being assessed the $350 filing fee, which became effective April 9, 2006, as opposed to the $250 filing fee, which was previously effective. In light of ***Houston v. Lack***, 487 U.S. 266, 276 (1988), which holds that a prisoner pleading was "filed" when the prisoner "delivered it to the prison authorities for forwarding to the court clerk," it is hereby **ORDERED** that plaintiff's filing fee be reduced to $250. ***See Bowling v. County of Gwinnett***, 1:06-cv-890-WSD (N.D. Ga.) (Order dated May 3, 2006).

It is further **ORDERED** that plaintiff's custodian or his designee shall set aside twenty

percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. *MOTION TO AMEND COMPLAINT*

Since filing his complaint, plaintiff has filed a motion to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given. Plaintiff's motion to amend the complaint is hereby **GRANTED**. The claims asserted in the original complaint, amended complaint, and motion to amend are addressed below (Tab #s 2, 7, & 12).

## II. *BACKGROUND*

Plaintiff names as defendants in this action Sheriff Gary Vowell, Jail Administrator Jerry Lipsey, and Mailroom staffer Ms. Jackson. Plaintiff alleges that the above defendants, all employees at the Tift County Jail, are denying him access to the courts by:

(1) having no law library;
(2) refusing to give him pens, paper, stamps, and envelopes;
(3) refusing to give him unspecified "legal books" for use in his seven pending lawsuits;
(4) refusing to give him the addresses of various courts and "other legal agencies"; and
(5) limiting him to two legal letters per week, thereby preventing "dozens" of plaintiff's legal letters to attorneys and courts from being mailed.

As relief, plaintiff seeks damages and injunctive relief, namely, an order directing the defendants to

"establish a law library with all the necessary books for adequate federal and state litigation."

### III. ORDER TO SUPPLEMENT

Prisoners have a constitutional right of access to the courts. ***Bounds v. Smith***, 430 U.S. 817 (1977). But in ***Lewis v. Casey***, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited ***Bounds*** by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. *Id.* at 2177-79. To prove actual injury, the prisoner must demonstrate that the alleged violation hindered his efforts in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 2181. The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. *Id.* at 2181-82; ***Wilson v. Blankenship***, 163 F.3d 1284 (11th Cir. 1998). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 2182.

Upon initial review of plaintiff's complaint, the Court finds that additional information about his contentions is needed before a proper evaluation of his claims and allegations can be made. Accordingly, plaintiff is instructed to supplement his complaint by stating in detail:

    (1) what specific types of civil case(s) was plaintiff litigating between March 15, 2006 and April 30, 2006 (civil rights, habeas, etc.);
    (2) the case name and number of <u>each</u> court case that was allegedly impaired as a result of plaintiff's inability to obtain legal materials;
    (3) the nature of the legal issue(s) plaintiff wishes to research;
    (4) the specific legal materials plaintiff was seeking;
    (5) whether and when plaintiff was appointed counsel in any of his cases;
    (6) the specific injury plaintiff suffered and how such injury would have been avoided had he obtained the legal materials he was seeking;

(7) what documents the defendants refused to mail;
(8) the date of each interference;
(9) the identity of the recipient of each piece of legal mail;
(10) whether those documents were ever mailed and, if so, when; and
(11) how the defendants' alleged interference with plaintiff's mail prejudiced or harmed plaintiff.

Plaintiff is advised that his claims need to be limited to those relating to events that occurred before April 30, 2006 (the date on which plaintiff submitted his motion to amend). The Court will not consider any facts relating to incidents occurring at the Tift County Jail after April 30, 2006.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claims. The Court will review the supplement to determine which, if any, claims may go forward and which, if any, defendants should be served with a copy of the complaint. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

**SO ORDERED**, this 24th day of May, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE