IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| REV. JESSE G. ANDERSON, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO. 7:06-CV-29(HL) |
| Sheriff GARY VOWELL, Jail Administ. | : | |
| JERRY LIPSEY, and Mailroom staffer | : | |
| MS. JACKSON, | : | |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **REV. JESSE G. ANDERSON, JR.**, a detainee at the Tift County Jail in Tifton,

Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I.  STANDARD OF REVIEW

### A.  *28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  BACKGROUND

Plaintiff brings this section 1983 action against Sheriff Gary Vowell, Jail Administrator Jerry Lipsey, and Mailroom staffer Ms. Jackson.  Plaintiff alleges that the defendants, who are employees of the Tift County Jail, are denying plaintiff access to the courts and are limiting plaintiff's ability to mail "legal" letters.  Plaintiff seeks damages and injunctive relief directing the defendants to "establish a law library with all the necessary books for adequate federal and state litigation."

On May 24, 2006, the Court ordered plaintiff to supplement his complaint by providing specific facts relating to his claims.  In compliance with the Court's order, plaintiff supplemented his complaint on June 7, 2006 (Tab # 14).

## III.  DISCUSSION

### A.  Access to the Courts

In his supplement, plaintiff alleges that he was denied access to the courts in connection with the following actions:

1. *Anderson v. Tifton Gazette*, 7:06-cv-6(HL) (M.D. Ga)
2. *Anderson v. Walker*, 7:05-cv-97(HL) (M.D. Ga)
3. *Anderson v. Mastrobuono*, 3:05-cv-1758-SRU (D. Conn.)
4. *Anderson v. Anderson* (state action)
5. *Anderson v. Hardeman* (state action)
6. *State v. Anderson* (plaintiff's criminal action)
7. *Anderson v. Thomas* (state action)

The Fourteenth Amendment provides prisoners with a right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  As noted in this Court's previous order, however, the right of access to the courts protects only a prisoner's ability to pursue qualified legal actions.  *Hyland v. Parker*, 163 Fed. Appx. 793, 798 (11th Cir. 2006).  A qualified legal action is a nonfrivolous (1) criminal trial or appeal; (2) habeas proceeding; or (3) section 1983 case challenging the conditions of his confinement.  *Id*. at 798; *Lewis v. Casey*, 116 S. Ct. 2174, 2182 (1996).  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Lewis*, 116 S. Ct. at 2182.

In the present case, plaintiff has alleged only a single pending action that is protected under the above standard, namely, *State v. Anderson*, which is plaintiff's criminal case.  None of the various other claims plaintiff is pursuing constitute a nonfrivolous criminal trial or appeal, habeas

petition, or a civil rights suit involving plaintiff's conditions of confinement.[1]  Thus, the right of access to courts does not reach to all such other actions.

With respect to ***State v. Anderson***, plaintiff indicates in his supplement that he is represented by appointed counsel.  Such representation satisfies plaintiff's right of access to the courts, notwithstanding that he may be denied access to a law library.  ***See Bounds***, 430 U.S. at 828 (inmates have a constitutional right to either access to law library **or** assistance of a lawyer).

### B.  Interference with Mail

In his motion to amend, plaintiff alleged that prison officials interfered with his outgoing legal mail by limiting plaintiff to postage for two free stamps per week.  The Eleventh Circuit Court of Appeals has held, however, that a policy of limiting inmates to two free stamps is "adequate to allow a reasonable inmate to conduct reasonable litigation in any court."  ***Hoppins v. Wallace***, 751 F.2d 1161, 1162 (11th Cir. 1985).  Moreover, in his supplemental complaint, plaintiff indicates that the defendants have "verbally agreed to allow plaintiff's legal mail to no longer be hindered."  Plaintiff apparently is not comfortable with such a verbal agreement and he requests a phone conference or hearing before the Court.  The Court concludes, however, that this matter has been satisfactorily resolved by the oral agreement.

### IV.  CONCLUSION

---

[1]  According to plaintiff's supplemental complaint, all state actions other than ***State v. Anderson*** are civil tort claims.  A review of the federal cases reveals that none involves either a habeas petition or a challenge to plaintiff's conditions of confinement.

4

Accordingly, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 16th day of June, 2006.


**s/   Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

5