IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

REV. JESSE G. ANDERSON, JR.,           :
                                       :
              Plaintiff                :
                                       :
     VS.                               :
                                       :
Sheriff GARY VOWELL, *et al.*,         :    NO. 7:06-cv-29(HL)
                                       :
              Defendants               :    **O R D E R**

Plaintiff **REV. JESSE G. ANDERSON, JR.**, has filed a motion in which he asks this Court to reconsider, presumably under Federal Rule of Civil Procedure 59(e), its order dated June 16, 2006 (Tab # 15). In addition to seeking reconsideration, plaintiff in his motion sought to appeal the Court's June 16th order, which the Clerk's Office construed as the filing of a notice of appeal. The Court's June 16th order dismissed as frivolous under 28 U.S.C. § 1915(e)(2) plaintiff's claims pertaining to an alleged denial of access to courts and interference with mail.

## *I.  LEGAL STANDARD*

"[A]s a general matter, the filing of a notice of appeal deprives the district court of jurisdiction over those aspects of the case that are the subject of the appeal." ***Doe v. Bush***, 261 F.3d 1037, 1064 (11th Cir. 2001). However, Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending. ***See Jackson v. Crosby***, 375 F.3d 1291, 1295 (11th Cir.2004).

In this case, judgment was entered on June 19, 2006. Plaintiff's motion for reconsideration

and notice of appeal was filed on June 23, 2006. Plaintiff's motion was timely filed under Rule 59(e) and, as explained above, the Court's jurisdiction to rule on a motion for reconsideration is unaffected by plaintiff's notice of appeal.

## II. DISCUSSION

As an initial matter, the Court notes that in his motion for reconsideration, plaintiff does not contest this Court's dismissal of his claims relating to interference with his mail. This claim shall remain dismissed.

This Court dismissed plaintiff's denial of access to courts' claim because, with the exception of one lawsuit, none of plaintiff's pending legal actions appeared to be "qualified legal actions," *i.e.*, a nonfrivolous (1) criminal trials or appeals; (2) habeas proceedings; or (3) section 1983 cases challenging the conditions of his confinement. ***Hyland v. Parker***, 163 Fed. Appx. 793, 798 (11th Cir. 2006); ***Lewis v. Casey***, 116 S. Ct. 2174, 2182 (1996). As to that one lawsuit, plaintiff indicated he was represented by appointed counsel. The Court found that such representation satisfied plaintiff's right of access to the courts.

In his motion to reconsider, plaintiff alleges that he has pending additional qualified legal actions in which he is not represented by counsel. Such newly alleged actions are: (1) a separate criminal action in the Tift County Superior Court and (2) a state habeas challenge. Although plaintiff has provided no details pertaining to either action - namely, the case number, the date of filing, or the specific injury that he suffered - the Court finds plaintiff arguably has stated a claim of denial of access to the courts with regard to the above two actions.

Based on the foregoing, plaintiff's motion for reconsideration is hereby **GRANTED**. The Court now **VACATES** its order of June 16, 2006, and the judgment filed June 19, 2006, and **REOPENS** this action. Plaintiff's interference with mail claim against defendant mailroom staffer Ms. Jackson remains **DISMISSED**. However, plaintiff's access to courts' claim against defendants Gary Vowell and Jerry Lipsey is **ALLOWED TO PROCEED**.

Therefore, it is **ORDERED** and **DIRECTED** that service of all pleadings be made as provided by law upon defendants Gary Vowell and Jerry Lipsey, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and correspondence filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).  The Clerk of Court will not serve or forward copies of such motions, pleadings, and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a

protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by 28 U.S.C. § 1915(b)(2). Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE

### UNITED STATES MAGISTRATE JUDGE

28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of the parties.  If the parties desire for the United States Magistrate Judge to hear this case through trial and the entry of judgment, they may obtain the necessary consent forms from the Clerk of the Court.

**SO ORDERED**, this 13th day of July, 2006.

        **s/ Hugh Lawson**
        HUGH LAWSON
        UNITED STATES DISTRICT JUDGE

cr