# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **REV. JESSE G. ANDERSON, JR.**, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:06-cv-29 (HL) |
| **GARY VOWELL, et al.**, | : |
| Defendants. | : |

## ORDER

Before the Court is a document filed by Plaintiff Rev. Jesse G. Anderson, Jr., ("Anderson") entitled a "Dismissal With Prejudice" (doc. # 31). For the reasons set forth below, the Court will construe the Dismissal With Prejudice as a Motion to Dismiss With Prejudice and grant the motion.

### I.   PROCEDURAL HISTORY

Pro se plaintiff Anderson brought a 42 U.S.C. § 1983 action (doc. # 2) on April 12, 2006, and later filed an Amended Complaint (doc. # 7). After intervening procedural machinations, Defendants filed an Answer to the Amended Complaint (doc. # 28). Finally, on September 9, 2006, Anderson filed a "Dismissal With Prejudice" that bore only his signature.

### II.   ANALYSIS

####   A.   **Federal Rule of Civil Procedure 41(a)**

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without an order of the court under two circumstances: by filing a notice of dismissal at any time before the service of an answer or a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action.  Fed. R. Civ. P. 41(a)(1).  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.[1]  Id.  If neither circumstance mentioned in Rule 41(a)(1) exists, a plaintiff may still dismiss an action, but he must do so through an order of the court and upon such terms and conditions as the court deems proper.  Fed. R. Civ. P. 41(a)(2).  Again, unless otherwise specified in the order, such a dismissal is without prejudice.  Id.

Summarizing the proper application of Rule 41(a)(2) when a plaintiff seeks an order dismissing the case without prejudice, the United States Court of Appeals for the Eleventh Circuit has explained,

> A voluntary dismissal without prejudice is not a matter of right.  Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, the decision whether or not to grant such a dismissal is within the sound discretion of the district court and reviewable only for abuse of discretion.  And, when exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.

Fisher v. P. R. Marine Mgmt., 940 F.2d 1502, 1502-03 (11th Cir. 1991) (citations omitted).  "The crucial question to be determined is, would the defendant lose any substantial right by

---

[1] A "two dismissal" exception to this rule exists, but it not relevant in the present case.

the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citation omitted).

### B. Application

The Court is faced with a somewhat unusual situation. Anderson has filed a document in an apparent attempt to dismiss the case by stipulation. However, Defendants filed an Answer before Anderson entered his document, therefore the stipulation of dismissal is invalid under Rule 41(a)(1)(i). Similarly, Defendants did not sign the document, therefore it cannot function as a stipulation of dismissal under Rule 41(a)(1)(ii). Despite these procedural hurdles, Anderson's intent is clear: he wishes the matter dismissed with prejudice. In light of Anderson's pro se status, and the Court's corresponding obligation to construe his filings liberally, the Court will construe Anderson's document as a Motion to Dismiss pursuant to Rule 41(a)(2).

It is well established that in most cases a dismissal should be granted unless a defendant would suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. This inquiry generally requires a court to weigh the relevant equities and do justice between the parties. However, Anderson's Motion seeks to dismiss the case *with* prejudice. Therefore, the Court is unaware of any legal prejudice Defendants might suffer,[2] and the Motion is granted.

---

[2] Out of an abundance of caution, the Court contacted defense counsel and confirmed orally that Defendants do not oppose Anderson's motion to dismiss the case with prejudice. Defense counsel corroborated that Defendants do not oppose the motion, but in fact support it wholeheartedly.

### III.  CONCLUSION

Anderson's Dismissal With Prejudice, a.k.a., his Motion to Dismiss With Prejudice, (doc. # 31) is granted.  The present action is dismissed with prejudice.

**SO ORDERED**, this the 15th day of September, 2006.

                                  s   Hugh Lawson
                                **HUGH LAWSON, JUDGE**

pdl